**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **EARL C. JEFFERSON, II,** | ) | **CASE NO. 1:24-CV-00729** |
| **Petitioner,** | ) | **JUDGE DONALD C. NUGENT** |
| **v.** | ) | |
| **WARDEN KENNETH BLACK,** | ) | **ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |
| **Respondent.** | ) | |
| | ) | (This Order Applies to Documents ECF #17 and ECF #20) |

This matter is before the Court upon the *Report and Recommendation* of Magistrate Judge Amanda M. Knapp, (ECF #17), related to Petitioner Earl C. Jefferson, II's *Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 by a Person in State Custody*, filed on April 22, 2024. (ECF #1). The matter was referred to Magistrate Judge Knapp pursuant to 28 U.S.C. § 636(b)(1), with review to this Court as provided by FED. R. CIV. P. 72(b)(3) and N.D. OHIO L. CIV. R. 72.3(b). (Non-Numbered Docket Entry following ECF #1, dated April 22, 2024 & ECF #3, *Order*).

The Magistrate Judge's *Report and Recommendation* was filed on June 17, 2026. (ECF #17). The *Report & Recommendation* concluded with the traditional notice that "[a]ny objections to this Report and Recommendation must be filed with the Clerk of Court within

fourteen (14) days after being served with a copy of this document." (ECF #17, p. 62).[1] On July 14, 2026, Petitioner filed a *Motion for Extension of Time* to extend the time by which he was required to file objections by thirty (30) days, until August 10, 2026, (ECF #18), which motion was granted by this Court the same day. (ECF #19). Petitioner thereafter timely filed his *Objections to the Recommendation and Report* [*sic*] pursuant to FED. R. CIV. P. 72(b)(2) on August 10, 2026. (ECF #20).

In the *Report and Recommendation*, Magistrate Judge Knapp recommends that the *Petition* be denied as to each of the six grounds raised therein. (ECF #17, p. 62). Because objection was made to the Magistrate Judge's *Report and Recommendation*, this Court reviewed the case *de novo*. FED. R. CIV. P. 72(b)(3).

For the reasons set forth below, the *Report & Recommendation* is hereby ADOPTED in its entirety.[2]

## I. PROCEDURAL BACKGROUND

Petitioner Earl C. Jefferson, II, filed a *Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 by a Person in State Custody*, (ECF #1) ("*Petition*"), on April 22, 2024, challenging the constitutionality of his convictions in the Richland County Court of Common Pleas, Case No. 2020 CR 0775 R, for offenses including aggravated murder, and sentences that

1 *See* FED. R. GOV. § 2254 CASES, R. 8(b).

2 The *Report and Recommendation* also included the Magistrate Judge's independent and final ruling denying Petitioner's *Motion for Appointment of Counsel*, (ECF #16). (*See* ECF #3, *Order of Referral*). That ruling is not at issue before this Court

include life in prison without parole.[3]

The *Petition* asserted six grounds for relief, as stated in his *Petition* and repeated in his *Objections to the Recommendation and Report*:

> **Ground One**: "Where Petitioner has shown signs of incompetency prior to trial [, Petitioner was] was denied due process under the Fifth and Fourteenth Amendments when the trial court subjected Petitioner to a trial without a submission of a competency evaluation";
>
> **Ground Two**: "Petitioner was convicted of Agg[ravated] Burglary where the state failed to prove each and every element in violation of statutory and procedural due process under the Fifth and Fourteenth Amendments";
>
> **Ground Three**: "When the state failed to present sufficient evidence for prior calculation and design to support a conviction of aggravated murder [, Petitioner was] . . . denied a fair trial and due process under the Fifth, Sixth, and Fourteenth Amendments of the U.S. Constitution";
>
> **Ground Four**: "The Petitioner was denied a fair trial and due process when the trial court refused to [give a] self defense instruction based on unreasonable

---

3

Specifically, the Petition identifies under "all crimes of which you were convicted and sentenced" as: "**Count 1**, Aggravated Murder, in violation of R.C. 2[9]03.01(a) and 2929.02(A), SF [Special Felony]; **Count 2**, Aggravated Murder, in violation of R.C.2903.01(B) and 2929.02(A), SF; **Count 3**, Aggravated Burglary, in violation of R.C. 2911.11(A)(1) and 2911(B), F1 [Felony of the First Degree]; **Count 4**, Aggravated Burglary, in violation of R.C. 2911.11(A) and 2911.11(B), F1; **Count 5**, Murder in violation of R.C. 2903.02(A), 2903.02(D), and 2929.02(B), SF; **Count 6**, Attempted Murder, in violation of R.C. 2923.02/2903.02(A), R.C. 2903.02(D), and 2929.02(B), F1; **Count 7**, Felonious Assault, in violation of R.C. 2903.11(A)(2) and 2903.11(D)(1)(a), F2 [Felony of the Second Degree]; **Count 8**, Felonious Assault, in violation of R.C. 2903.11(A)(2) and 2903.11(D)(1)(a), F2; **Count 9**, Felonious Assault, in violation of R.C. 2903.11(A)(1) and 2903.11(D)(1)(a), F2; **Count 10**, Felonious Assault, in vilation of R.C. 2903.11(A)(1) and 2903.11(D)(1)(a), F2; **Count 11**, Domestic Violence, in violation of R.C. 2919.25(A) and 2919.25(D)(2), M1 [Misdemeanor of the First Degree]; **Count 12**, Tampering with Evidence, in violation of R.C. 2921.12(A)(1) and (2), F3 [Felony of the Third Degree]." (ECF #1, *Petition*, p. 2 & addendum p. 1) (emphasis and inserts supplied for clarity). Technically, this is a list of the violations for which Petitioner was charged, though, after a jury trial and deliberations, on October 18, 2021, Petitioner was convicted on all of these charges except for Count 6, charging Attempted Murder. (*See* ECF #17, *Report and Recommendation*, p. 8).

determination of facts given at trial and where the record contains evidence that Petitioner acted in self-defense in violation of [the] Fifth, Sixth, and Fourteenth Amendments under the United States Constitution";

**Ground Five**: "Petitioner received ineffective assistance of appellate counsel when [he] failed to raise [that] trial counsel was ineffective for failing to use for cause or peremptory challenge to remove juror #7 for bias in violation of effective assistance of counsel and fair trial under the Sixth and Fourteenth Amendments"; and

**Ground Six:** "The Appellate court denied Petitioner a procedural due process right and violat[ed] the equal protection clause by the Fourteenth Amendment under the United States Constitution."

(ECF #1, *Petition*, p. 6 & addendum pp. 3-15; *see also* ECF #20, *Objections to the Recommendation and Report*, pp. 1-2) (clarifying inserts supplied).

## II. LEGAL STANDARDS

### A. Report and Recommendation Review Under Fed. R. Civ. P. 72(b)(3)

The applicable standard of review of a magistrate judge's report and recommendation depends upon whether objections were made to the report and recommendation. When objections are made to the magistrate judge's report and recommendation, as was done here, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b)(3). When no timely objection is filed, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 Advisory Committee Notes (citations omitted). *See also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.") (on *certiorari* from the Sixth Circuit).

Petitioner's claims are governed by the Antiterrorism and Effective Death Penalty Act of

1996, Pub. L. No. 104-132, 110 Stat. 1214. Applying the appropriate standards of review under the Act, the Magistrate Judge correctly found that Petitioner's grounds for relief were not supported. A detailed analysis of each claim is contained throughout pages 17 to 61 of the *Report and Recommendation*, accompanied by a recommendation as to the appropriate ruling on each of the claims. A summary of the claims as identified in the *Report and Recommendation*, and the Magistrate Judge's recommended disposition of each of them, is set forth below.

**1. *Ground One***

In Ground One, Petitioner asserts that he was denied due process because he was tried without a "competency evaluation" despite showing signs of incompetency prior to trial. On this basis, he argues that the state court of appeals rendered a decision that was contrary to, or an unreasonable application of, federal law and/or based on an unreasonable determination of facts in light of the evidence presented at trial. In a thorough evaluation of the facts and circumstances surrounding this claim, and the applicable law, including the legal framework for evaluating competency to stand trial, (ECF #17, *Report and Recommendation*, pp. 18-21), the state trial court's adjudication of Petitioner's competency claim, (*id.*, pp. 21-24), whether the state trial court made an unreasonable determination of the facts in light of the evidence, (*id.*, pp. 25-27), and whether the state trial court's decision was contrary to, or an unreasonable application, of clearly established federal law, (*id.*, pp. 27-31), the Magistrate Judge found that Petitioner's claim was without merit, and recommends that this Court deny Ground One on the merits.

The Court finds the analysis of the *Report and Recommendation* correctly determined.

**2. *Ground Two***

In Ground Two, Petitioner raises a sufficiency of the evidence claim. Specifically, he

challenges his conviction for aggravated burglary, arguing the state failed to present sufficient evidence to establish that he used force, stealth, or deception to enter the motel room in which the murder for which he was convicted occurred. Again, in a thorough evaluation of the facts and circumstances surrounding the claim, and the applicable law, (ECF #17, pp. 31-37), the Magistrate Judge found the claim to be without merit, and recommends that this Court deny Ground Two on the merits.

The Court finds the analysis of the *Report and Recommendation* correctly determined.

**3. *Ground Three***

In Ground Three, Petitioner raises an additional sufficiency of the evidence claim. There, he challenges his conviction for aggravated murder, arguing the state failed to present sufficient evidence of prior calculation and design. As both Grounds Two and Three share the same applicable governing law related to evaluating sufficiency of the evidence claims, the *Report and Recommendation* analyzed Ground Three in light of those same legal standards, as applied to the facts and evidence related to the aggravated murder charge. (ECF #17, pp. 32-33, 37-42). Based on that analysis, the Magistrate Judge found the claim to be without merit, and recommends that this Court deny Ground Three on the merits.

The Court finds the analysis of the *Report and Recommendation* correctly determined.

**4. *Ground Four***

In Ground Four, Petitioner claims he was denied a fair trial and due process because the trial court refused to provide a self-defense jury instruction. On this claim, the *Report and Recommendation* first, appropriately, notes that "it is not the province of a federal habeas court to reexamine state-court determinations on state law questions," and that "[i]n conducting habeas

review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." (ECF #17, p. 43) (citations omitted). Thus, "[b]ecause 'federal habeas relief does not lie for errors of state law,'" federal courts "may grant the writ based on errors in state jury instructions only in extraordinary cases." (*Id.*) (citations omitted). The *Report and Recommendation*, insofar as this claim is based solely on asserted violations of state law, recommends that this Court deny the claim as not cognizable.

The *Report and Recommendation* also acknowledges that a jury instruction claim *may* be cognizable if the "ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." (ECF #17, p. 46) (citing, by reference, *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)). Based on an examination of the trial record, wherein that record did not support a finding that the trial court's decision not to instruct the jury on self-defense was "so infirm that [it] rendered the entire trial fundamentally unfair," (*id.*, p. 48) (citing *Buell v. Mitchell*, 274 F.3d 337, 355 (6th Cir. 2001)), as well as an examination of pertinent Sixth Circuit law related to "failure to provide self-defense jury instruction" claims, the Magistrate Judge found the claim to be without merit, and recommends that this Court also deny Ground Four "on the merits."

The Court finds the analysis of the *Report and Recommendation* on both of these factors correctly determined.

**5. *Ground Five***

In Ground Five, Petitioner argues that he received constitutionally ineffective assistance of counsel when his appellate attorney did not assert a claim for ineffective assistance of trial counsel on direct appeal, challenging his trial counsel's failure to assert a "for cause" or

peremptory challenge to remove a juror for bias. After a thorough examination of the facts surrounding this claim, and the controlling law related to "procedural default," the Magistrate Judge found this claim to be procedurally defaulted, and recommends that this Court deny Ground Five on that basis. (ECF #17, pp. 53-58).

The Court finds the analysis of the *Report and Recommendation* correctly determined.

**6. *Ground Six***

In Ground Six, Petitioner argues that the state appellate court denied his constitutional rights to procedural due process and equal protection when it denied his application to reopen his appeal under Ohio Appellate Rule 26(B). The Magistrate Judge found this ground to be non-cognizable, in that "[a]n application to reopen under App. R. 26(B) is 'a collateral post-conviction remedy and not a direct appeal,'" and "'the Sixth Circuit has consistently held that errors in post-conviction proceedings are outside the scope of federal habeas review.'" (ECF #17, p. 59) (citations omitted). The Magistrate Judge's *Report and Recommendation* further found that "[e]ven if Ground Six were construed to allege a federal constitutional violation, Mr. Jefferson has failed to establish that the state appellate court's denial of his motion for leave to reopen his appeal was contrary to or an unreasonable application of clearly established federal law." (*Id.*, p. 60). Accordingly, the Magistrate Judge found this claim to be both a non-cognizable collateral state post-conviction remedy argument, and, even if evaluated as alleging a federal constitutional violation, without merit, and therefore recommends denial of Ground Six for each of these reasons. (ECF #17, pp. 60-61).

The Court finds the analysis of the *Report and Recommendation* as to both factors correctly determined.

**B. District Court *De Novo* Review**

The arguments raised in Petitioner's *Objection to the Recommendation and Report*, (ECF #20), do not cast any doubt on the ultimate conclusions made by Magistrate Judge Knapp in the *Report and Recommendation.*

Pursuant to FED. R. CIV. P. 72(b)(3), the Court has reviewed *de novo* the Magistrate Judge's *Report and Recommendation*, and finds Magistrate Judge Knapp's *Report and Recommendation* (ECF #17) to be thorough, well-written, well-supported, and correct. The Court finds that Petitioner Earl C. Jefferson, II 's *Objections to the Recommendation and Report* raises no arguments, factual or legal, that have not been fully and correctly addressed by the Magistrate Judge's *Report and Recommendation*, and that Petitioner's objections are unwarranted. Therefore, the *Report and Recommendation* (ECF #17) is hereby ADOPTED in its entirety.

**C. Certificate of Appealability Under 28. U.S.C. § 2253(c)**

Pursuant to 28 U.S.C. § 2253, the Court must further determine whether to grant a certificate of appealability as to any of the claims presented in the *Petition*. Section 2253 of Title 28 of the United States Code provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –
>
> > **(A)** the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> > **(B)** the final order in a proceeding under section 2255.
>
> **(2)** A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

> **(3)** The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).

In order to make a "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2253(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542, 554 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4, 103 S. Ct. 3383, 3394 & n.4, 77 L. Ed. 2d 1090, 1104 & n.4 (1983)).

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, 146 L. Ed. 2d at 555. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

To the extent that Petitioner's claims were rejected on the merits, reasonable jurists could not find the assessment of Petitioner's constitutional claims to be debatable or wrong. This

finding applies equally to the extent Petitioner's claims were rejected on procedural grounds. Accordingly, the Court finds that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b).

## III. CONCLUSION

The Court has undertaken a careful and exhaustive *de novo* review of the facts and law addressed in *Report and Recommendation*, finds that the Magistrate Judge's *Report and Recommendation* is a well-written and thorough analysis of the claims and arguments raised in the *Petition* (and as later presented in Petitioner's *Objections to the Recommendation and Report*), and represents a correct statement of the law and appropriate recommendation for disposition as to each of the grounds asserted in the *Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 by a Person in State Custody*. The Court agrees with the findings set forth therein. Accordingly, the *Report and Recommendation* of Magistrate Judge Amanda M. Knapp (ECF #17) is ADOPTED in its entirety.

Petitioner's *Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 by a Person in State Custody*, (ECF #1), is hereby DENIED.

The Court finds there is no basis upon which to issue a certificate of appealability.

IT IS SO ORDERED.

Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: August 19, 2026